IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                          Criminal Action No. 3:88CR201-01
                                                                                 (STAMP)
STEVEN LEON ROLLE,

       Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION;
DENYING DEFENDANT'S MOTION FOR MISCELLANEOUS RELIEF;
AND DENYING DEFENDANT'S MOTION FOR JAIL TIME CREDIT**

I.  Procedural History

The pro se petitioner, Steven Leon Rolle, was sentenced on June 10, 1988, by the Commonwealth of Virginia to a ten-year term of imprisonment, reduced to seven years, with 378 days jail credit towards his state sentence.  On June 26, 2002, while the petitioner was serving his state sentence, he was taken into federal custody to face federal charges in the Northern District of West Virginia. A jury found the defendant guilty to fifty-eight counts of a sixty-three count indictment.  On September 12, 1989, the petitioner was sentenced in the United States District Court for the Northern District of Virginia to a term of thirty-five years incarceration, to run consecutively with the previously imposed Virginia sentence. The petitioner was released back to Virginia state authorities to complete his state sentence.  Virginia authorities did not interrupt his state sentence during the time he was in temporary

federal custody.  Following the expiration of his state sentence, he was turned over to federal authorities on December 4, 1990.

The defendant filed a motion to correct his imprisonment. The defendant sought a modification of his federal sentence to run concurrently with the state sentence.  Judge W. Craig Broadwater denied this motion.  The defendant filed a motion for reconsideration of this decision.  The government did not respond. The motion is pending.

The defendant also filed a motion for reduction of sentence. It appears that the motion is incomplete.  There is only one page and the defendant did not appear to serve the government.  The government did not respond and defendant did not supplement.

The defendant also filed a motion for jail time credit pursuant to 18 U.S.C. § 3585(b) and a reduction of his sentence pursuant to the United States Sentencing Guidelines.  The government filed a response in opposition to the petition.  The defendant did not reply.

## II.  Discussion

A.  Motion for Reconsideration

Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  As Judge Broadwater discussed in his denial of the defendant's "motion to correct illegal term of imprisonment," the

2

defendant exceeded the seven day time limit for filing the motion. Nonetheless, Judge Broadwater examined the defendant's claims on the merits. The defendant cites 18 U.S.C. § 3584 for his request. As Judge Broadwater mentions, the decision to impose concurrent or consecutive terms of imprisonment is discretionary under that statute.

Upon review of the record and the defendant's motion, this Court finds that Judge Broadwater considered the appropriateness of the defendant's sentence at the time of sentencing. Judge Broadwater stated "[a]t the sentencing, the judge was fully aware of the petitioner's state prison term. With that knowledge, the sentencing judge exercised his legal discretion to order the federal term to run consecutively to the state term." Accordingly, this Court declines to reduce the defendant's sentence, and the defendant's motion for reconsideration must be denied.

B. <u>Motion for Miscellaneous Relief</u>

The defendant's motion for miscellaneous relief appears incomplete in that it is only one page. Additionally, the defendant did not serve the government. A certificate of service is required for all filings. L. R. Gen. P. 5.06(e). The defendant's motion for miscellaneous relief must be denied.

C. <u>Motion for Jail Time Credit</u>

In his petition, the petitioner contends that he should receive credit on his federal sentence for the amount of time that

he spent in federal custody on the writ of habeas corpus ad prosequendum. The government argues that the petitioner has already received credit toward his state sentence and is therefore precluded from receiving credit toward his federal sentence. This Court agrees.

As the government notes, 18 U.S.C. § 3585(b)(2) precludes a defendant from receiving credit for time served where service has been credited against another sentence. See United States v. Brown, 977 F.2d 574 (4th Cir. Sept. 25, 1992) (unpublished) (defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); United States v. Goulden, 54 F.3d 774 n.3 (4th Cir. May 17, 1995)(unpublished)(credit is only available for time spent in custody which has not been credited against another sentence). Because the petitioner received credit on his Virginia sentence for the time served during the writ of habeas corpus ad prosequendum, he is not entitled to any credit for this time against his federal sentence.

The United States Sentencing Guidelines did not apply at the time of the defendant's sentencing, therefore, they do not apply at the present time. The conduct in the indictment occurred between October 1986 and May 1987. The Sentencing Guidelines did not take effect until November 1, 1987. United States v. Polk, 905 F.2d 54,

4

55 (4th Cir. 1990). Therefore, the defendant's motion for jail time credit must be denied.

### III. Conclusion

For the reasons set forth above, this Court DENIES the defendant's motion for reconsideration; DENIES the defendant's motion for miscellaneous relief; and DENIES the defendant's motion for jail time credit.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:   September 30, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
